**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Osiel MARTINEZ, Defendant– Appellant.**

No. 00–6496.

United States Court of Appeals, Sixth Circuit.

Sept. 25, 2001.

Before RYAN and COLE, Circuit Judges; WILLIAMS, District Judge.*

## ORDER

Osiel Martinez, a federal prisoner, appeals his conviction for conspiracy to distribute marijuana in violation of 21 U.S.C. § 846. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

A jury convicted Martinez of the above offense on July 12, 2000, and he was thereafter sentenced to 21 months in prison, 2 years of supervised release, 150 hours of community service, and a special assessment of $100. This sentence fell within the guideline sentencing range of 21–27 months in prison, based upon a total offense level of 16 and a criminal history category of I.

Martinez's court-appointed counsel has filed an appellate brief and a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the entire record, counsel was of the opinion that there were no meritorious grounds for appeal, but nonetheless raised three possible issues: a) whether the trial court erred by admitting marijuana and a laboratory report into evidence; b) whether the trial court erred by admitting a translation of a tape recording; and c) whether sufficient evidence existed to support the jury's verdict. Martinez was notified of his right to respond to his attorney's *Anders* brief, but no response has been received by this court.

Upon review, we grant counsel's motion to withdraw as counsel has filed an acceptable *Anders* brief. In the brief, counsel raises the only issues deemed arguable and properly concludes that no relief is warranted.

The facts leading to Martinez's arrest and conviction are not complicated. In an undercover transaction monitored by Tennessee Bureau of Investigation (TBI) Agent Watters, TBI Agent Finley arranged with one of Martinez's co-defendants, Carrera (a.k.a. Santana, a.k.a. Jose), to buy marijuana which would be delivered to Cleveland, Tennessee. To obtain the marijuana, Carrera traveled to Atlanta on March 15, 2000, to meet with Martinez and another co-defendant, Ortega, at a store,

before continuing to Ortega's house, where the marijuana was stored in a bathroom. Ortega indicated the 52 pounds of marijuana in the bathroom while Martinez was standing five to ten feet away from the marijuana in an adjacent room. Upon returning to Tennessee, Carrera gave the marijuana to two others to deliver. Carrera was arrested a few hours later and agreed to cooperate by making a controlled payment to Martinez and Ortega that day. Carrera called Ortega, who then drove to Tennessee along with Martinez. Agent Finley was present with Carrera when Carrera met with Ortega and Martinez in a parking lot to turn over the money; Watters was also present. Ortega and Martinez were arrested, and Martinez said to Finley, "I'm the man. I can get you 100 pounds of marijuana and 4 or 5 kilos of cocaine."

■ The district court did not abuse its discretion by admitting the marijuana and a laboratory report into evidence. *See Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir.1998). The exhibits had significant probative value to the charged offense, conspiracy to distribute marijuana. Martinez was directly linked to the 52 pounds of marijuana through testimony about his presence when the marijuana was picked up and when the money was to be collected. TBI Agent Watters maintained custody of the marijuana from the time of the seizure until he submitted the marijuana to the TBI crime lab for analysis.

■ The district court also did not abuse its discretion by admitting into evidence a written English translation of a tape recording of a conversation in Spanish. The difficulty in translating foreign languages is not by itself a basis for excluding a translation, and no abuse of discretion occurs where, as here, the defendant does not offer a substitute version of

the transcript. *See United States v. Garcia,* 20 F.3d 670, 672–73 (6th Cir.1994).

Finally, sufficient evidence exists to support Martinez's conviction. Sufficient evidence exists to support a conviction where, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). To show a conspiracy under 21 U.S.C. § 846, "the government must prove the existence of an agreement to violate drug laws and that each conspirator knew of, intended to join and participated in the conspiracy." *United States v. Peters,* 15 F.3d 540, 544 (6th Cir.1994). A formal or express agreement is unnecessary to establish a conspiracy under section 846; a mere "tacit or mutual understanding among the parties" is sufficient. *United States v. Phibbs,* 999 F.2d 1053, 1063 (6th Cir.1993).

Viewed in the light most favorable to the United States, a rational jury could have found on the facts recited above that there was an agreement to violate the drug laws and that Martinez knew of, intended to join, and participated in that conspiracy.

We have reviewed the record for other possible issues which would merit review and have found none.

Accordingly, we grant counsel's motion to withdraw, and we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.